**SO ORDERED.**

**SIGNED this 12 day of June, 2013.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

HAYWOOD STANLEY RUDD,                    CASE NO. 12-08130-8-JRL

   DEBTOR.                                              CHAPTER 7

## ORDER

This matter came before the court on the chapter 7 trustee's objection to debtor's claim of exemptions and objection to debtor's amended claim of exemptions, to which the debtor has responded. A hearing was held in Wilmington, North Carolina on May 22, 2013.

The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on November 14, 2012. On February 6, 2013, the trustee filed an objection to debtor's claim of exemptions. The debtor filed amended exemptions on February 14, 2013 to which the trustee objected on March 15, 2013.[1]

The trustee objects to the debtor's exemptions with regards to three separate exemptions.

---

[1] The debtor filed an amended schedule C and an amended schedule C-1 in order to assert an exemption in certain prepetition wages. The trustee has not objected to the exemptions of the prepetition wages. The amended schedules do not include any amendments to the homestead exemption, the exemption of the debtor's interest in the business entities, or the exemption in the RBC IRA, which are at issue in the trustee's objections.

First, the trustee objects to the debtor's claim of the homestead exemption pursuant to N.C. Gen. Stat. § 1C-1601(a)(1) on the grounds that the debtor has indicated that there is no net value for the house and lot. Second, the trustee objects to the exemptions, pursuant to N.C. Gen. Stat. § 1C-1601(a)(2), of fifty dollars in 50% ownership interest in D&S Enterprises, LLC, fifty dollars in 50% ownership interest in S&D Enterprises of Wilmington, LLC, and one hundred dollars in 50% stock in Intercoastal Contracting, Inc. (collectively, the "business entities"). In addition to listing the fifty and one hundred dollar exemption amounts on his schedules, the debtor attempts to exempt the "full fair market value" of his interests in the companies. The trustee believes the full fair market value of the debtor's interests in the companies to be greater than the fifty and one hundred dollar amounts assigned to the interests in the schedules and argues that the debtor should only be allowed to exempt the dollar amount listed. Finally, the trustee objects to the debtor's claimed exemptions in a retirement account on the grounds that the debtor's withdrawal of $25,000.00 from the account, use of the funds for living expenses, and use of the 60-day rollover rule to maintain the tax-exempt and creditor-exempt status of the funds constitutes a prohibited transaction by a disqualified person such that the funds are no longer subject to the exemption in N.C. Gen. Stat. § 1C-1601(a)(9).

## DISCUSSION

The filing of a bankruptcy petition creates an estate which contains all legal and equitable interests of the debtor in property as of the commencement of the case wherever located and by whomever held. 11 U.S.C. § 541(a). A debtor may exempt certain property from the bankruptcy estate by claiming an exemption in the property. 11 U.S.C. § 522(b). A party objecting to the claimed exemption has the burden of proving that the exemption is not proper. Fed. R. Bankr. P. 4003(c).

1.  The homestead exemption

On schedule A, the debtor lists the value of his home at $395,000.00. This value is based on a market analysis provided by a local real estate professional. Schedule D shows that there are two mortgages against the property. The first mortgage is in the amount of $372,881.97 and the second mortgage is in the amount of $100,224.24. Additionally, ad valorem taxes are owed in the amount of $2,043.96. As indicated on schedule C, pursuant to N.C. Gen. Stat. § 1C-16-1(a)(1), the debtor claims an exemption of $30,000.00 in his residence. The net value of the property is listed as $0.00.

In both his initial objection to the debtor's claim of exemptions and his objection to the debtor's amended claim of exemptions, the trustee objects to the $30,000.00 homestead exemption. The trustee's objection is based on the indication that there is no net value in the property. Accordingly, the trustee argues, the debtor cannot claim an exemption in the property.

Subsection 1C-1601(a)(1) of the North Carolina General Statutes allows a debtor to exempt his interest, up to $35,000.00 in value, in real property that a debtor uses as his residence. Notwithstanding the lack of equity in the property, a debtor is entitled to assert and reserve his available exemptions in property pursuant to § 552 of the Bankruptcy Code and N.C. Gen. Stat. §1C-1601(a)(1). In re Reeves, No. 10-02562-8-SWH (Bankr. E.D.N.C. July 23, 2010); see also In re McQueen, 196 B.R. 31 (E.D.N.C. 1995); In re Thennes, No. 03-04271-5-ATS (Bankr. E.D.N.C. Oct. 7, 2004).

Here, there is no value showing on the debtor's schedules based on the current estimation of value. That value may or may not be the value of the property; it is the debtor's good faith estimation of the current value. The market may drive that value differently as the case is

administered. In order to protect his right to such an exemption, the debtor must assert the exemption even though on the schedules there is no value. Accordingly, the trustee's objection to the debtor's claimed homestead exemption is **OVERRULED**.

    2.    <u>Exemption of the debtor's interest in the business entities</u>

Pursuant to N.C. Gen. Stat. § 1C-1601(a)(2), the debtor claims exemptions in the ownership interest in three business entities. Both his original schedule C and the amended schedule C show that the debtor lists his 50% ownership interest in D&S Enterprises, LLC and S&D Enterprises, LLC, and 50% stock in Intercoastal Contracting, Inc. as property claimed as exempt. The value of the claimed exemptions are fifty dollars for his interest in D&S Enterprises, LLC, fifty dollars for his interest in S&D Enterprises, LLC, and one hundred dollars for his interest in Intercoastal Contracting, Inc. The debtor lists the value of the property without deducting the exemption as fifty dollars for D&S Enterprises, LLC, fifty dollars for S&D Enterprises, LLC and one hundred dollars for Intercoastal Contracting, Inc. Underneath the property description, the debtor has included in parenthesis "Full fair market value."

The trustee believes the full fair market value of the debtor's interests in the business entities is greater than monetary values listed on the debtor's schedules. Thus, the trustee objects to the use of the language "full fair market value" as it is an attempt, in his view, to exempt the full fair market value which exceeds the amount allowed under N.C. Gen. Stat. § 1C-1601(a)(2). In his view, the exemption should be allowed only in the fifty and one hundred dollar amounts listed.

The debtor stated that it was his good faith belief that the values in the companies is *de minimus* based upon the assets and liabilities of each company. Noting that the trustee provides no evidence of an actual value of the interest, the debtor does not contest that his exemption amount

should be limited to the stated amounts of fifty and one hundred dollars, respectively.

Under the wildcard exemption, a debtor is entitled to exempt his interest in any property, not to exceed $5,000.00 in value of any unused exemption amount to which the debtor is entitled to under subdivision (1) of N.C. Gen. Stat. § 1C-1601(a). N.C. Gen. Stat. § 1C-1601(a)(2). Recently, in In re Gregory, this court determined that "listing the value of an exemption as 'FMV,' '100% of FMV,' or other comparable language to that effect, is wholly inappropriate in instances where the relevant statutory exemption scheme assigns a maximum dollar value to the exemption." 487 B.R. 444, 454 (Bankr. E.D.N.C. 2013).

To the extent that the schedules say that the debtor is trying to claim as exempt the full market value of his ownership in the business entities, the exemptions are disapproved and the objection is **SUSTAINED**. The debtor is limited, as he has indicated that he is willing, to claim only the dollar values of the ownership interests in the business entities that he has indicated on his schedules.

3. Exemption of the retirement account and the 60-day rollover rule

On August 8, 2012, the debtor withdrew $25,000.00 from his RBC Wealth Management Simple IRA (the "IRA"). This was done upon the advice of the RBC Financial Consultant managing the IRA, who advised the debtor that an individual may withdraw funds from an IRA once every twelve months without penalty as long as the funds are redeposited into the IRA within sixty days.

On October 5, 2012, fifty-seven days after the withdrawal, the debtor delivered a check in the amount of $25,000.00 to a senior client associate at RBC Wealth Management in Wilmington, North Carolina. The check was to be deposited into the IRA. The date stamp on the back of the check confirms that RBC received the check on October 5, 2012. The $25,000.00 deposit was

credited to the IRA on October 9, 2012.[2]

Pursuant to N.C. Gen. Stat. § 1C-1601(a)(9), the debtor claimed his IRA as exempt. The schedules show that debtor claimed the entire value of the IRA, $246,973.91, as exempt.

In his objection to debtor's claim of exemptions, the trustee stated that withdrawals and deposits made to the IRA in the period prior to the petition date may affect whether some portion or all of the IRA is exempt. In his objection to the debtor's amended claim of exemptions, the trustee clarified his position, that, the debtor's use of the money withdrawn from the IRA for living expenses resulted in the loss of the IRA's exempt status and disqualified the debtor from claiming the IRA as exempt under N.C. Gen. Stat. § 1C-1601(a)(9) and 11 U.S.C. § 522. Relying on In re Willis, 2009 Bankr. LEXIS 2160, 27 (Bankr. S.D. Fla. 2009), the trustee argues that the entire IRA is not exempt based upon the theory that the rollover was a prohibited transaction as defined in 26 U.S.C. § 4975.

Under North Carolina law, a debtor is entitled to retain free of the enforcement of the claims of creditors

> Individual retirement plans as defined in the Internal Revenue Code and any plan treated in the same manner as an individual retirement plan under the Internal Revenue Code, including individual retirement accounts and Roth retirement accounts as described in section 408(a) and section 408A of the Internal Revenue Code, individual retirement annuities as described in section 408(b) of the Internal Revenue Code, and accounts established as part of a trust described in section 408(c) of the Internal Revenue Code.

N.C. Gen. Stat. § 1C-1601(a)(9).

Although North Carolina has opted out of the federal exemptions provided by section 522(d)

---

[2]Monday October 8, 2012, was Columbus Day, a federal bank holiday. As such, the deposit on October 9, 2012 was made within sixty days of the distribution. 26 U.S.C. § 7503.

of the Bankruptcy Code, see N.C. Gen. Stat. § 1C-1601(f), section 522(b)(3)(C) provides exemption rights in retirement funds for debtors in states that have opted out of the section 522(d) exemptions. Exempt property includes "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." 11 U.S.C. § 522(b)(3)(C).

Section 522(b)(4) further details what funds in a retirement fund are exempt under section 522(b)(3)(C).

> (A) If the retirement funds are in a retirement fund that has received a favorable determination under section 7805 of the Internal Revenue Code of 1986, and that determination is in effect as of the date of the filing of the petition in a case under this title, those funds shall be presumed to be exempt from the estate.
>
> ...
>
> (C) A direct transfer of retirement funds from 1 fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986, under section 401(a)(31) of the Internal Revenue Code of 1986, or otherwise, shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such direct transfer.
>
> (D)(i) Any distribution that qualifies as an eligible rollover distribution within the meaning of section 402(c) of the Internal Revenue Code of 1986 or that is described in clause (ii) shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such distribution.
>
> (ii) A distribution described in this clause is an amount that–
>
>> (I) has been distributed from a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986; and
>> (II) to the extent allowed by law, is deposited in such a fund or account not later than 60 days after the distribution of such amount.

11 U.S.C. § 522(b)(4).

A distribution from an IRA is not included in the gross income of the distributee, thereby

retaining its tax exempt status, if the entire amount is paid into an individual retirement account or an individual annuity for the benefit of such individual not later than the sixtieth day after the day on which the individual received the payment or distribution. 26 U.S.C. § 408(d)(3) (the "60-day rollover rule"). The North Carolina exemption statute references section 408 of the Internal Revenue Code, as does section 522(b)(4)(D)(ii) of the Bankruptcy Code. The legislative history of section 522(b)(3)(C) of the Bankruptcy Code indicates that the section was added by BAPCPA so that it states that opt out of the federal exemption scheme would be provided identical exemption rights in retirement funds for debtors. 4 Collier on Bankruptcy ¶ 552.LH[5], at 552-131 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). It is clear from these references that distributions made pursuant to the 60-day rollover rule retain their status as exempt from the bankruptcy estate under federal and state law.

Under section 408(e) of the Internal Revenue Code, a tax-exempt individual retirement account loses its status as a tax-exempt individual retirement account if the individual for whose benefit the account is established engages in a transaction prohibited by section 4975 of the Internal Revenue Code. 26 U.S.C. § 408(e). The trustee argues that the debtor's personal use of the IRA funds constitutes a prohibited transaction pursuant to 26 U.S.C. § 4975(c)(1)(D), which defines "prohibited transaction" as including any "transfer to, or use by or for the benefit of, a disqualified person of the income or assets of a plan." Because of this purported prohibited transaction, the trustee argues, that the IRA account lost its tax-exempt status and thus, its status as exempt from creditors under the provisions of the Bankruptcy Code.

In making this argument, the trustee relies heavily on In re Willis, 2009 Bankr. LEXIS 2160 (Bankr. S.D. Fla. 2009). In Willis, the debtor purchased an assignment of a mortgage through the

-8-

use of $700,000.00 of funds from the Merrill Lynch IRA account which he owned jointly with his wife. Id. at *4  In order to repay the $700,000.00 to the IRA, the debtor borrowed funds from friends and family members; he did not deposit the mortgage into the account. Id.  On or about February 22, 1994, the debtor made two deposits into the IRA which repaid the funds withdrawn. Id.  The debtor later sold the property purchased with the $700,000.00 for approximately $1,200,000.00. Id.  Following this transaction, the debtor engaged in several other transactions, including a "check swapping" scheme with funds from his retirement accounts.  Characterizing the string of transactions as "self dealing," the court in Willis found the initial transaction to constitute a prohibited transaction under 26 U.S.C. § 4975(c)(1)(D). Id. at *13.  The court noted that Congress' goal in enacting 26 U.S.C. § 4975 was to bar transactions that were likely to injure the pension plan.

In the case at hand, the transaction at issue does not contain indicia of self dealing as was apparent in the Willis case.  The transaction in this case, unlikely to injure the pension plan, was not the type which Congress intended to bar with 26 U.S.C. § 4975.

Furthermore, the trustee's argument is based solely on an interpretation of 26 U.S.C. § 4975(c)(1)(D) and largely ignores other pertinent sections of the Internal Revenue Code and the Bankruptcy Code.

> Each part or section of a statute should be construed in connection with other parts or sections of the statute in order to produce a uniform and harmonious result.  The general purpose and intent of the whole act controls, and all parts of the statute must be interpreted consistently with that purpose.

In re Patrick, 411 B.R. 659, 666-67 (Bankr. C.D. Cal. 2008).  To read 26 U.S.C. § 4975(c)(1)(D) as broadly as the trustee does effectively does away with the 60-day rollover rule, rendering 26 U.S.C. § 408(d)(3) and 11 U.S.C. § 522(b)(4)(D)(ii) inoperative.

This court reads section 522 of the Bankruptcy Code and section 408(d)(3) of the Internal

Revenue Code as specifically allowing owners to withdraw funds from their IRA accounts without losing the exempt status, provided funds are redeposited within sixty days. The 60-day rollover practice was clearly recognized by Congress as evidenced by both of these code sections. The court does not find this transaction to be of the type prohibited in 26 U.S.C. § 4975(c)(1)(D).

Furthermore, the Internal Revenue Service recognizes the validity of the 60-day rollover rule in various instances. Publication 590, which is provided by the Internal Revenue Service to taxpayers as guidance on tax issues relating to IRAs, specifically confirms that a rollover into the same IRA is permissible under the rollover rules: "You can withdraw, tax free, all or part of the assets from one traditional IRA if you reinvest them within 60 days in the same or another traditional IRA. Because this is a rollover, you cannot deduct the amount that you reinvest in an IRA." Publication 590, p. 24. Additionally, the Internal Revenue Service routinely issues private letter rulings stating that an individual may withdraw funds from his IRA for personal use and this may be considered a rollover as long as he re-deposits it back into the same IRA or into another qualified IRA within 60 days. See e.g., PLR 9010007. While private letter rulings are of limited precedential value, the court still finds some utility in them in bolstering the argument that the Internal Revenue Service views the 60-day rollover rule as viable and that such personal use of funds during the 60-day period does not *per se* constitute a prohibited transaction.

Preliminarily, pursuant to 11 U.S.C. § 522(b)(4)(A), the funds in this IRA were presumed exempt as the fund had received a favorable determination under 26 U.S.C. § 7805. The "Custodial Agreement and Disclosure Statement" for the IRA states that the Internal Revenue Service approved the IRA as to form. The debtor stated that he believed this favorable determination was effective as of the petition date. Crediting the debtor's assertion, the court finds that the IRA is presumed

exempt under 11 U.S.C. § 522(b)(4)(A). It is then the trustee's burden to rebut the presumption.

The distribution from the IRA and subsequent deposit back into the IRA within 60 days did not cause the funds to lose their exempt status under 26 U.S.C. § 408 or 11 U.S.C. § 522(b)(3)(C). As discussed above, this was the exact type of distribution described in § 522(b)(4)(D)(ii). The 60-day rollover rule applies to maintain the exempt status of the entire retirement account. Because this type of transaction was specifically contemplated in the Internal Revenue Code and the Bankruptcy Code, the court finds that the exemption claimed by the debtor in his retirement account was proper. The trustee has failed to rebut the presumption that the funds are no longer exempt under the Internal Revenue Code or the Bankruptcy Code. Accordingly, the trustee's objection to the debtor's claimed exemption in his retirement account is **OVERRULED**.

## CONCLUSION

For the reasons stated above, the trustee's objection to the debtor's exemptions is **OVERRULED** in part and **SUSTAINED** in part. With respect to the debtor's claimed homestead exemption and the debtor's claimed exemption in his retirement account, the trustee's objection is overruled. With respect to the claimed exemptions in the debtor's interest in the three business entities, the trustee's objection is sustained and the debtor is limited to the monetary amount exempted on his schedules.

**END OF DOCUMENT**